IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHU HYUN CHO,<br><br>      Plaintiffs,<br>v.<br><br>SIX UNKNOWN NAMES AGENTS, et. al,<br><br>      Defendants. | Case No. 1:12-cv-00338 JLT (PC)<br><br>ORDER DIRECTING THAT THIS MATTER BE ASSIGNED TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE MATTER FOR FAILING TO COMPLY WITH THE COURT'S ORDERS AND FAILING TO PROSECUTION THE ACTION |

On March 2, 2012, Plaintiff filed this action. (Doc. 1) However, on March 19, 2012, the Court ordered the complaint stricken because it was not signed and it set forth no intelligible claims for relief. (Doc. 3) The order granted Plaintiff 30 days to file a new complaint. Id., at 2. On March 26, 2012, the order was returned as undeliverable. The Clerk of the Court re-served the order and other documents to Plaintiff at an address on Big Spring, TX. Since this time, Plaintiff has neither filed a new complaint nor filed notice of change of address.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Here, sixty days have passed since Plaintiff's mail was returned and he has not notified the court

of a current address. Moreover, more than thirty days has passed since Petitioner's amended petition was due pursuant to the Court's May 19, 2012 order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending [amount of time]. The court cannot hold this case in abeyance indefinitely based on petitioner's failure to notify the court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with petitioner based on petitioner's failure to keep the court apprised of his current address, no lesser sanction is feasible.

**ORDER**

Based upon the foregoing, the Court DIRECTS the Clerk of the Court to assign this matter to a District Judge.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for petitioner's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 4, 2012**                               **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE